Lane, C. J.
The bill by James Mitchell denies that Dunlap possessed the capacity to acquire a title, by any sale from the executors, and asserts that his signature to the two papers was procured by fraud. The answer repels the charge of fraud, and asserts that the estate produced its full value, and more than if the sale had been made to any other person. The imputation of fraud remains without proof, and the acquiescence of the heirs, and their omitting to resist the claim of Dunlap, lead us to infer that the sale was, in fact, honest and fair.
No principle is better established than that the person intrusted with the authority to sell the land of another, can not himself become the purchaser. This principle of exclusion is familiar with the profession, and has been pushed to a rigorous extent in our own courts. 8 Ohio, 554. In all such cases the owner may annul- the sale, on the repayment of the money advanced. If) then, the case presented nothing more than a pur *121 chase by Dunlap, of land, which he, as an executor, undertook to sell, either by the will or his other authority, the right of James Mitchell to set aside these proceedings would be recognized without difficulty.
But the question here is, not whether the sale was originally good, hut whether it may not be ratified by those whose interests are conveyed. After the sale had been made to Dunlap, the facts and conditions all known, certain of the heirs (among whom was James Mitchell,) by a written document, made for the purpose of leading the parties to complete it, testified their acquiescence, and, in consequence of this, the sale was completed, possession taken, and a large part of the purchase money paid. After this testimonial of assent, this decisive act of the owners, designed to lead Dunlap into the completion of the contract, and the payment of money, it is too late for thorn, with any show of good faith, to deny its binding, confirming efficacy. The claim, then, of James Mitchell, the ^plaintiff, to disown this ratification of the pro- [121 ceedings of Dunlap, can not be admitted, and the bill to set aside the sale must be dismissed, with costs.
The bill of Dunlap to affirm the sale, and acquire the title, does not stand upon the same grounds. His right depends on the ratification of those in interest; and is perfect as to James Mitchell, and is perfect also as to all who subscribed the second document, and are competent to act upon their rights. But a part of these signatures are those of married women, incompetent to bind their lands, except in one prescribed form. The plaintiff in the cross bill may take his decree, if he wishes it, against the widow, and against such of the children who signed that instrument as are competent to contract, and against the husbánd of the daughters, to the extent of their estates.